IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 06-CR-00390-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FERREN S. RAJPUT,

    Defendant.

---

## SENTENCING MEMORANDUM AND REQUEST FOR VARIANCE FROM ADVISORY GUIDELINE RANGE

---

Defendant Ferren Rajput, through his counsel, John A. Chanin, submits the following sentencing memorandum and request for variance from the advisory guideline range and states as follows.

### INTRODUCTION

Defendant plead guilty to one count of failure to truthfully account for and pay over taxes in violation of 26 U.S.C. § 7202 and one misdemeanor count of failure to pay taxes in violation of 26 U.S.C. § 7203.

As alleged in the Information and admitted by Defendant at the change of plea hearing, Defendant under-reported wages for his employees and failed to pay over to the Internal Revenue Service both the employer's portion and the employee's portion of federal income tax withholding, Social Security, and Medicare taxes for seven quarters in 2002 and 2003. In the final two quarters of those years, Defendant over-reported wages for his employees and

Doc# 2340729\1

submitted accurate annual withholding figures and W-2s for each employee to the IRS. None of Defendant's employees lost any money or suffered any adverse consequences whatsoever.

Following this conduct, Defendant has never tried to conceal the non-payment of these taxes or affirmatively deceive the IRS. Defendant provided truthful information to the IRS; he hired a tax attorney to attempt to work through the administrative and civil systems; and, he always indicated his intent to make full payment including interest and penalties. In fact, Defendant made two payments to the IRS in 2004 totaling $124,958.

Unfortunately, by the end of 2004, Defendant's business collapsed and he filed personal bankruptcy. For the next two years, while under the supervision of the bankruptcy court, Mr. Rajput worked to build a new business and put together a plan to pay the IRS and his other creditors. In 2006, Defendant made additional payments to the IRS totaling $135,842, primarily by selling personal assets and reducing personal and family expenses. The IRS also has a lien on Defendant's home, which Defendant intends to sell to help satisfy his restitution obligations.

Due to increasing competition and market pressures, Defendant's business closed in December, 2006. Since that time, Defendant has formed a real estate consulting business that locates under-valued real estate opportunities for investors. Mr. Rajput has closed on one transaction in 2007; however, given his impending incarceration, Defendant used the money from that closing to support his family.

At this point, due to his own actions, Mr. Rajput has lost almost everything, except the support of his family. Most of his assets are lost or sold for restitution; his home will ultimately be sold to partially satisfy restitution; his business has closed; and, he stands convicted of a

felony. Nevertheless, upon his release from incarceration, Mr. Rajput remains committed to paying full restitution.

## PRESENTENCE REPORT RECOMMENDATION

The presentence investigation report recommends a variance from the otherwise applicable guideline range to a sentence of 18 months under the provisions of 18 U.S.C. § 3553(a). The PSI notes that Defendant's payment of substantial restitution prior to conviction is "atypical" of most criminal defendants.

> In further mitigation, the defendant correctly reported the taxes owed to the IRS (but nonetheless committed a crime by failing to pay those taxes). He has no prior criminal record, no history of violence or substance abuse, and has been gainfully employed throughout his adult life. If allowed a shorted prison sentence, the defendant has legitimate employment skills which would allow him to make restitution on an installment schedule.

The PSI thoughtfully makes reference to the four-level reduction for minimal role in the offense at U.S.S.G. §3B1.2(a) to anchor the 18-month recommendation, not because that reduction literally applies but because it is one of the few guidelines that reduces a defendant's sentence based on relative degrees of culpability in an offense. A four-level reduction here would result in an advisory guideline range of 18 to 24 months.

The government has not filed objections to the presentence investigation report or the recommendation of a sentencing range of 18 to 24 months.

## ARGUMENT

Defendant agrees with the probation department's recommendation. As expressed in his letter to the court, Mr. Rajput understands this was a serious crime and he must now face some period of incarceration in addition to paying restitution and the life-long consequences of a

3

felony conviction. However, as recognized in the PSI, the mitigating factors in this case support a sentencing variance to 18 months.

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense and the history and characteristics of the defendant. The court shall also consider, *inter alia*, a sentence that promotes respect for the law, provides just punishment for the offense, affords adequate deterrence to criminal conduct, and protects the public from further crimes by the defendant.

Regarding the history and characteristics of this Defendant, Mr. Rajput says it best himself in his letter to the court – he allowed his greed to overcome his values and good business sense. In his desire to lead an extravagant lifestyle, he got deeper and deeper into a hole from which he could never emerge. As he expresses in his letter, this was a shameful period of his life and one from which he has learned much about himself. In the years since the offense conduct, Mr. Rajput has embraced his obligation to pay restitution, even to the extent of placing his family in a precarious financial situation. If allowed a shorter prison sentence, Mr. Rajput has both the ability and the demonstrated intent to make substantial restitution payments. It is entirely unlikely that Mr. Rajput will ever commit a crime again. Indeed, Mr. Rajput is one of the most contrite and truly sorry defendants that undersigned counsel has ever represented.

Regarding the nature of the offense, Mr. Rajput understands this was a serious offense. However, in mitigation, Mr. Rajput correctly reported the employment taxes owed to the IRS and he correctly reported all withholding amounts for his employees. No employee suffered any adverse consequences as a result of Defendant's conduct. In effect, by reporting the correct

annual totals but failing to pay over the taxes, Mr. Rajput disclosed his own criminal offense. He then retained tax counsel, who attempted to pursue the appropriate civil and administrative remedies to pay the outstanding tax liability prior to Defendant's bankruptcy in 2004. In this sense, the conduct here is analogous to the departure under U.S.S.G. § 5K2.16 for voluntary self-reporting. *See also, United States v. Tenzer*, 213 F.3d 34, 42-43 (2nd Cir. 2000) (A taxpayer's complete disclosure to the IRS and attempt to negotiate a payment plan may warrant a downward departure as a mitigating circumstance not adequately taken into consideration by the guidelines).

Further, in terms of deterrence, a prison sentence of any length will "send a clear message" to the business community that the failure to pay over employment taxes is a crime and not merely a matter of paying civil interest and penalties. As noted in the PSI, the recommended sentence of 18 months will be sufficient, but not greater than necessary, to accomplish this sentencing objective.

As summarized in the PSI's recommendation and justification, a sentence of 18 months will reflect the seriousness of the offense and serve as a significant deterrent to further criminal conduct. Such a sentence will also be in the interest of the taxpayers, because Defendant has employment skills with which he can generate income for payment of restitution.

Respectfully submitted this 11th day of June, 2007.

*s/John A. Chanin*
John A. Chanin, #20749
Lindquist & Vennum P.L.L.P.
600 Seventeenth Street, Suite 1800S
Denver, CO 80202
303-573-5900
Attorney for Defendant Ferren S. Rajput

5

Doc# 2340729\1

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June, 2007, I electronically filed the foregoing **SENTENCING MEMORANDUM AND REQUEST FOR VARIANCE FROM ADVISORY GUIDELINE RANGE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email address:

Matthew T. Kirsch
U.S. Attorney's Office-Denver
1225 Seventeenth Street, Suite #700
Denver, CO 80202
Email: matthew.kirsch@usdoj.gov

s/ John A. Chanin